UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHRISTINE BEDNAR, #539010,

        Petitioner,

v.                                      CASE NO. 2:08-CV-12320
                                      HONORABLE PATRICK J. DUGGAN

HEIDI WASHINGTON,

        Respondent.

_____/


**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF**
**HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,**
**AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of Michigan,
on June 16, 2010.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Christine Bednar ("Petitioner"), a Michigan prisoner, has filed a pro se petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that she is being held in

violation of her constitutional rights. Petitioner pleaded guilty to second-degree murder,

Mich. Comp. Laws § 750.317, in the Oakland County Circuit Court and was sentenced to

17 to 50 years imprisonment in 2006. In her petition, she challenges the effectiveness of

defense counsel at sentencing. For the reasons stated herein, the Court denies the petition

for a writ of habeas corpus. The Court also denies a certificate of appealability and

denies leave to proceed *in forma pauperis* on appeal.

## I. Facts and Procedural History

Petitioner's conviction arises from the death of her newborn baby at her home in Highland Township, Michigan, on January 30, 2005. Petitioner pleaded guilty to second-degree murder pursuant to a *Cobbs* agreement on June 8, 2005.[1] At the plea hearing, Petitioner, who was 25 years old, admitted that she gave birth to the baby at home, wrapped the baby in a blanket, and left the baby in a bathroom cabinet. The baby was discovered after Petitioner sought medical treatment at a hospital. On July 7, 2005, the trial court conducted a sentencing hearing. At that hearing, defense counsel noted that Petitioner had undergone a forensic examination and that he had consulted with psychiatrists, discussed Petitioner's personal circumstances and acceptance of responsibility, and requested leniency with a sentence at the low end of the guideline range, which called for a minimum sentence of 12 to 20 years imprisonment. The trial court sentenced Petitioner to 17 to 50 years imprisonment – a term within the plea agreement and the sentencing guidelines.

Following the appointment of appellate counsel, Petitioner moved for an evidentiary hearing and re-sentencing in the state trial court asserting that defense counsel

---

[1] A "*Cobbs* agreement" refers to *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), in which the Michigan Supreme Court "authorized a particular type of plea agreement wherein a judge states the appropriate length of sentence, which is non-binding, but if the defendant subsequently pleads guilty, that defendant retains the absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation." *Wright v. Lafler*, 247 F. App'x 701, 703 n. 1 (6th Cir. 2007).

was ineffective for failing to seek the assistance of an expert witness at sentencing to present mitigating evidence. Petitioner offered a report by psychologist Michael Abramsky in support of her claim. Dr. Abramsky found that Petitioner was passive, docile, socially immature, neurotic, confused, and fearful of abandonment by her live-in boyfriend, but that she was not "psychopathic, heartless, cruel, or indifferent," or a danger to the community. He stated that Petitioner may have been confused from the birth and blood loss at the time of the crime. He believed that her actions were atypical and a panic response. Petitioner also presented an affidavit from trial counsel, William Cataldo, in support of her claim. Mr. Cataldo stated that he filed a "Motion to Hire an Independent Expert" during the pre-trial period which was denied, but did not renew his request at the time of sentencing. Mr. Cataldo said that he could "not advocate fully" on Petitioner's behalf at sentencing because he "did not have the benefit of an expert who could possibly identify" mitigating factors.

The trial court held a hearing on September 6, 2006. At that hearing, the trial court determined that an evidentiary hearing was not required given the written documentation before the court, ruled that defense counsel was not ineffective at sentencing, and denied the motion for re-sentencing. In reaching this conclusion, the trial court found that there is "no prevailing norm" in state court for trial counsel to seek mental health evaluations, that a mental health argument would have been inconsistent with trial counsel's "very clear strategy of convincing the court to show mercy based on the defendant accepting responsibility" for her actions, and that Dr. Abramsky's report would not have affected

his sentencing decision, particularly since he was already aware of Petitioner's troubled childhood, family problems, excessive dependency, depression, and fearfulness.

Petitioner subsequently filed an application for leave to appeal with the Michigan Court of Appeals, raising the same ineffective assistance of counsel at sentencing claim. The court denied leave to appeal "for lack of merit in the grounds presented." *People v. Bednar*, No. 274559 (Mich. Ct. App. Jan. 8, 2007) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Bednar*, 478 Mich. 873, 731 N.W.2d 723 (2007).

Petitioner thereafter filed her federal habeas petition, asserting the same ineffective assistance of counsel at sentencing claim presented to the state courts. Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if she can show that the state court's adjudication of her claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under § 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme]

Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409, 120 S. Ct. at 1521. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411, 120 S. Ct. at 1522. "Rather, it is the habeas applicant's burden to show that the state court applied [Supreme Court precedent] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25, 123 S. Ct. 357, 360 (2002).

## III. Analysis

Petitioner asserts that she is entitled to habeas relief because trial counsel was ineffective at sentencing for failing to seek the assistance of an expert to help present mitigating evidence. Respondent contends that this claim lacks merit.

In order to establish ineffective assistance of counsel, Petitioner must show "that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). In determining whether counsel's performance was deficient,

> [t]he court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . . At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. Therefore, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689, 104 S. Ct. at 2065. The defense is prejudiced only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068.

Applying the *Strickland* standard, the state trial court denied relief on this claim finding that defense counsel was not ineffective. The court found that counsel's strategy at sentencing was sound and that there was no reasonable probability that evidence such

as Dr. Abramsky's report would have changed the court's sentencing decision    The

Michigan Court of Appeals denied leave to appeal for lack of merit and the Michigan

Supreme Court denied leave to appeal in a standard order.

The state court's decision is neither contrary to *Strickland* nor an unreasonable

application of federal law or the facts.  As an initial matter, Petitioner has not shown that

trial counsel's failure to request a mental health expert at the time of sentencing was

deficient or unreasonable.  First, defense counsel had previously requested the

appointment of such an expert and his request was denied by the trial court.  It was thus

reasonable for counsel not to renew that request at the time of sentencing.  Counsel

cannot be deemed deficient for failing to make a futile objection or motion.  *See Harris v.*

*United States*, 204 F.3d 681, 683 (6th Cir. 2000).  Second, the record reveals that counsel

reviewed the forensic reports and consulted with psychiatrists prior to sentencing, but

found no explanation for the crime.  Third, counsel employed a reasonable strategy in

seeking leniency due to Petitioner's circumstances and her acceptance of responsibility.

The fact that counsel's strategy was ultimately unsuccessful does not mean that counsel

was ineffective.  *See, e.g., Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir. 2001) ("[A]n

ineffective-assistance-of-counsel claim cannot survive so long as the decisions of a

defendant's trial counsel were reasonable, even if mistaken.").

More importantly, even assuming that defense counsel erred by failing to seek or

utilize a mental health expert at sentencing, Petitioner has not demonstrated that she was

prejudiced by counsel's conduct.  In ruling on Petitioner's motion for re-sentencing, the

trial court reviewed the proposed mitigating mental health evidence and concluded that

Dr. Abramsky's report would not have affected the sentence imposed by the court. Given

this determination, Petitioner cannot show that she was prejudiced by counsel's conduct

at the time of sentencing. Petitioner has thus failed to establish that defense counsel was

ineffective at sentencing under the two-pronged analysis of the *Strickland* standard.

Habeas relief is not warranted on this claim.

## IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal

habeas relief on the claim presented in her petition and the petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must

issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability

may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on

the merits, the substantial showing threshold is met if the petitioner demonstrates "that

reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604

(2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could . . .

conclude the issues presented are adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). In applying this

standard, a court may not conduct a full merits review, but must limit its examination to a

threshold inquiry into the underlying merit of the claims. *Id.* at 336-37.

Having considered the matter, the Court concludes that Petitioner has failed to make a

substantial showing of the denial of a constitutional right as to her habeas claim. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and that leave to proceed *in forma pauperis* on appeal is **DENIED**.


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Dated: June 16, 2010

Copies to:
Christine Bednar, #539010
Huron Valley Complex-Women
3201 Bemis Road
Ypsilanti, Michigan 49187

Brad H. Beaver, Assistant Attorney General